## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### JONES' ADMINISTRATORS V. COLEMAN.

#### June 14, 1917.

#### Absent, Burks, J.*

1. BILLS AND NOTES—*Cancellation.*—Under Code of 1904, section 2841-a, paragraph 123, where the date and signature on a promissory negotiable note had both apparently been destroyed by burning, the presumption is that the burning was intentional and done for the purpose of cancelling the instrument. This presumption can only be overcome by evidence showing that such burning was done "Unintentionally, or under a mistake, or without authority."

2. BILLS AND NOTES—*Cancellation—Case at Bar.*—A motion for judgment under section 3211 of the Code of 1904 was made by plaintiff against the administrators of a decedent, upon a promissory note alleged to have been made by the decedent payable to the plaintiff. To sustain the motion a mutilated paper in the handwriting of the decedent was presented, upon which there was neither date nor signature, both apparently having been destroyed by burning. Only one witness, a brother of plaintiff, was introduced by plaintiff to prove the existence of the note described in the notice. He was an ignorant man and his testimony was vague and unsatisfactory. No attempt was made to explain or account for the mutilation of the paper.

   *Held:* That the evidence was insufficient to sustain a judgment for plaintiff.

Error to a judgment of the Circuit Court of Brunswick county, on a motion for judgment under section 3211 of the Code. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

*Case submitted before Judge Burks took his seat.

The opinion states the case.

*Buford & Peterson* and *W. R. Jones,* for the plaintiffs in error.

*B. A. Lewis,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This proceeding was a motion under section 3211 of the Code, made by Kate D. Coleman against W. R. Jones and Jack Shell, administrators of Reps Jones, deceased, upon which there was a judgment in favor of the plaintiff.

The notice states that the plaintiff will move the court for judgment for the sum of $500, and then uses this language: " * * * the same being evidenced by that certain promissory negotiable note, made by the said Reps Jones, deceased, bearing date on the 1st day of January, 1915, and payable to me at the Bank of Brunswick, Lawrenceville, Virginia, 365 days after date, which said note waives the benefit of the homestead exemption and was executed by the said Reps Jones, deceased, and is for the principal sum of five hundred ($500.00) dollars."

A jury was waived and the case was submitted to the judge of the trial court. To sustain the motion a mutilated paper was presented, upon which there was neither date nor signature, both apparently having been destroyed by burning. The paper originally was a printed blank form of a negotiable note, payable at the Bank of Lawrenceville. This mutilated remnant shows that the figures "500" (succeeding the "$" mark) and "365" (preceding the printed words "days after date"), the name "Kate D. Coleman," and the words "Five Hundred," had been inserted in ink. The evidence of those familiar with the handwriting of the decedent, Reps Jones, is sufficient to show that these words and figures were written by him.

The only witness introduced by the plaintiff for the purpose of proving the existence of the note described in the notice was Beverly Coleman, a brother of the plaintiff. He is an ignorant man and his testimony is vague and unsatisfactory, amounting substantially to this: That the plaintiff had been a domestic servant of the decedent for fifteen or sixteen years prior to his death; that some time in the year 1914 he saw in his sister's room in a sewing-machine drawer a note for $500 which had Mr. Reps Jones' name on it. Upon demurrer to the evidence, his testimony may be sufficient to identify the mutilated paper as constituting the remnant of the paper which he saw; he did not, however, remember the date of the paper which at that time was in an envelope; and after Jones' death his sister showed him a mutilated envelope and the mutilated paper above referred to, which in the meantime had been burned so as to present the appearance which it had when presented as the note sued on. It will be noted that the notice alleges that this note was dated January 1, 1915, and that this date was subsequent to the time when the witness said he saw the paper with Reps Jones' name on it. This is substantially all of the testimony, and there was no attempt to explain or account for the mutilation of the paper.

In our opinion this evidence is clearly insufficient to support the judgment.

Paragraph 123, section 2841-a of the Code, being section 123, Art. 8, of the negotiable instruments law, which is in accord with an established rule of evidence, reads thus: "A cancellation made unintentionally or under a mistake, or without the authority of the holder, is inoperative; but where an instrument, or any signature thereon, appears to have been cancelled, the burden of proof lies on the party who alleges that the cancellation was made unintentionally or under a mistake, or without authority."

The language and meaning of the statute are clear and controlling. We can only speculate as to why the date and

the signature, which we may assume were originally upon the paper presented, have been destroyed by burning. The presumption is that the burning was intentional and done for the purpose of cancelling the instrument. This presumption can only be overcome by evidence showing that such burning was done "unintentionally, or under a mistake, or without authority." The plaintiff has failed to sustain the burden which the statute clearly puts upon her.

For these reasons, the judgment must be reversed, and this court will enter judgment dismissing the motion.

*Reversed.*